IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RANDY CAMPBELL,
    Plaintiff,

vs.                                          Case No.:  3:06cv54/LAC/EMT

SHERIFF R. JOHNSON, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

        This cause is before the court on Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983 on January 29, 2006 (Doc. 1). Leave to proceed in forma pauperis has been granted (Doc. 7). Because Plaintiff is proceeding in forma pauperis, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). Upon review of the complaint, it appears that this case should be dismissed as malicious.

        Section IV.C. of the civil rights complaint form asks, "Have you initiated other actions . . . in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (Doc. 1 at 6). Section IV.D of the civil rights complaint form asks, "Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service?" (*id*.). Where there is a parenthetical area to mark either a "yes" or "no" answer to these questions, Plaintiff marked "no." Thus, Plaintiff has in effect stated that he has initiated no other lawsuits in federal court that otherwise relate to his

imprisonment, and that he has had no lawsuits in federal court dismissed prior to service. At the end of the civil rights complaint, Plaintiff signed his name after writing the following statement (copied from the complaint form): "I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGE [sic], ARE TRUE AND CORRECT." (Doc. 1 at 17).

Upon review of the file, this court takes judicial notice that as of the date Plaintiff filed the instant complaint, he had previously filed Campbell v. Johnson, Case No. 3:05cv113/RS/EMT, on March 23, 2005 (*see* Doc. 1 at 14) and Campbell v. Schlecter, Case No. 3:05cv121/LAC/EMT, on April 7, 2005 in the United States District Court for the Northern District of Florida. The aforementioned cases were filed by Plaintiff, as they deal with similar facts related to his arrest and incarceration arising out of an automobile accident on August 31, 2003 in Walton County. Additionally, the prison identification number of the Plaintiff in Campbell v. Johnson is the same as Plaintiff's (*see* Case No. 3:05cv113/RS/EMT (Doc. 16 at 1)). Furthermore, Campbell v. Johnson dealt with Plaintiff's imprisonment as it named jail officials as Defendants and was in the nature of civil rights, filed pursuant to 42 U.S.C. § 1983.[1] Finally, Campbell v. Schlecter was dismissed without prejudice prior to service on August 1, 2005 for Plaintiff's failure to comply with an order of the court. Plaintiff failed to list these cases in his instant complaint (*see* Doc. 1 at 6).

The information from Section IV of the form is useful to the court in a number of ways. First, the court uses this information to determine whether Plaintiff is subject to the "three strikes" provision of the Prison Litigation Reform Act of 1995. *See* 28 U.S.C. § 1915(g). The information also helps the court to consider whether the action is related to or should be considered in connection with another action, or whether a holding in another action affects the current action. Further, since prisoner plaintiffs generally proceed pro se, the information helps the court to determine their litigation experience and familiarity with the legal terrain of the current action.

By his untruthful answers, Plaintiff has inhibited the efficiency of the court in making these determinations. Plaintiff has affirmatively misrepresented the facts to this court. Plaintiff knew, or

---

[1] The court notes that Plaintiff's initial complaint in Campbell v. Johnson, Case No. 3:05cv113/RS/EMT, raised claims similar to those raised in the instant complaint, and Plaintiff was advised by the court to separate those claims into separate actions (*see* Doc. 9 at 2). Regardless, Plaintiff was obligated to answer questions truthfully in his instant complaint.

from reading the complaint form should have known, that disclosure of his prior actions was required and that dismissal of the action may result from his untruthful answers. If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  And, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants.  Therefore, this court should not allow Plaintiff's false responses to go unpunished.

The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause without prejudice.  Plaintiff is advised that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions.  *See* Warren v. Guelker, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it is respectfully **RECOMMENDED**:

That this cause be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

At Pensacola, Florida, this 13th day of July 2006.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**